Good morning, Your Honors. Michael Parente, Deputy Federal Public Defender for the petitioner Armando Mena. The District Court erred in dismissing Armando Mena's petition solely on the ground that none of the claims in his petition were exhausted. The Court decided that a rind stay was categorically inapplicable to an unexhausted petition. I'd like to address the court's dicta in Raspberry v. Garcia, and briefly, if time permits, I'll address how the rinds factor applies to this case. Regarding rinds, rinds fundamentally solved the problem that was created by the intersection of Lundy's dismissal requirement and AEDPA's one-year statute of limitations period, which was enacted 14 years later. Following AEDPA, a petitioner who was in good faith trying to present his claims to the federal court in an unexhausted petition risked being barred from federal review on his return to federal court if any of those petitions were denied as untimely, or if the statute of limitations ran for any other reason while he was pursuing his exhaustion of state remedies in good faith. So rinds replaced the dismissal requirement of Lundy, not the total exhaustion rule, because the court cannot proceed on the unexhausted petition until those claims are exhausted, but rinds replaced the dismissal requirement with the stay and abeyance procedure. How could rinds, did rinds overrule Lundy? Rinds did not overrule Lundy because the fundamental principle in Lundy is that federal courts must defer action on an unexhausted federal petition so that the state court has the first opportunity to address the merits of any unexhausted claim. In Lundy, the federal court had actually moved ahead and granted relief on claims of prosecutorial misconduct that had not yet been presented in the state courts. So the court at that time, it made sense to have a clear rule of dismissing the petition because there was no risk as rinds made clear that at the time that the Lundy decision was made, there was no risk that the petitioner faced after the dismissal of the petition that he would be unable, categorically unable to proceed again in federal court after that, after he completed exhaustion of state remedies. Right. So rinds addresses mixed petitions, right? Rinds and Lundy both addressed mixed petitions. So the dismissal requirement is a mixed petition case, rinds is a mixed petition case. But what rinds addressed was the problem that occurred when a petitioner presents unexhausted claims, which generally will be a mixed petition. It is a rare case where a petitioner will be in the position as MENA and having no exhausted claims. But the language in Lundy that says unexhausted claims should be dismissed. If there's a petition that includes totally unexhausted claims should be dismissed. How do we disregard that language under the holding in rinds? The court doesn't have to disregard Lundy. I think it can accept that rinds modified the to in Lundy, but it approved of a stay in abeyance procedure because Lundy was addressing pre-EDBA mixed petitions. Lundy was not addressing post-EDBA mixed petitions. And what do we do with the language in Raspberry that says we weren't extending rinds to unexhausted petitions? The language in Raspberry is dicta and I addressed this at length in my brief. The state did not present arguments in its briefing to counter the arguments that the petitioners... I'm asking you the question. Yes, so Raspberry's language is dicta because the petitioner in that case never requested a rind stay, never asked the court to stay my unexhausted claims, which is the critical component of what rinds asked the court to do. You could always ask a court to jettison your unexhausted claims and then ask for a stay of the exhausted petition. But rinds was concerned with what do we do with these unexhausted claims that still need to go to the state court. That's what the petitioner would lose. Rinds only said, well actually Raspberry, I'm sorry, Raspberry said two things. I want the notification of claims that were unexhausted that I could have raised but didn't. And second, after you had notified me of those claims, I wanted you to hold my petition in abeyance while I exhausted remedies. He never asked. It's very clear the court in Raspberry on page 1153 goes through the and specifically at point four says that Raspberry was asking the court to amend his petition to exclude the unexhausted claims and only include exhausted claims. That he claimed the district court had a duty to notify him because it was apparent from the record that he had exhausted claims on direct appeal that were not in the petition. So the argument was that in that circumstance the court has a duty to notify. Raspberry was fundamentally also not really a question about a stay in abeyance but an extraordinary circumstance case. The petitioner was asking for equitable tolling and the extraordinary circumstance was based on it being obvious that he had exhausted claims and the district court failing to notify him of those exhausted claims. And the third and the seventh circuit have both held that either that that was dicta that they're not required to follow or even if it wasn't dicta, they disagree with it. Yes, I believe it was the, actually the seventh circuit doesn't, the seventh circuit was the third and the tenth circuit do address Raspberry and expressly say that they're not following. Of course, we're not the third, the tenth, or the twelfth circuit. This is our own case that we're looking at, right? Yes, Your Honor. If we agree with you that Raspberry is dicta and we follow the other circuits in applying the Ryan stay in abeyance to fully unexhausted petitions, what remedy are you asking for in this case? Well, in this case I would ask that the court vacate the dismissal of the petition and reach the Ryan's factors in order that the petition be stayed. But why should we do that in the first instance? The district court in this case thought that it lacked the discretion to grant Ryan's. Why shouldn't we remand it for the district court to, you know, do that analysis as to the application of the Ryan's factors in the first instance? The court could do that. I think it would be expedient because the record is before the court and was also expressly included in the certificate of appealability that was appropriate under the factors. But the court could decide that the district court erred and did not apply Ryan's in order for the court to apply Ryan's. But it would also be an ex post analysis because now that the claims are exhausted, a stay in abeyance procedure is no longer necessary for Mena. But at the time the petition was dismissed, without the stay in abeyance, Mena is now, if that dismissal was proper, Mena would be barred from federal review. So, but to have briefing on whether he should get a stay in district court, he no longer needs a stay now, he just needs to proceed on the petition, which is now exhausted. What should we do about the fact that the Ryan's decision talks about mixed petitions, mixed petitions, mixed petitions? They never refer to any other. Do we just ignore that language? If they had meant something other than mixed petitions, wouldn't they have said something other than mixed petitions? Well, the petition at issue in Ryan's was a mixed petition, and so the court is addressing that it's a mixed petition, but when it goes on page 278 of Ryan's, when it's really discussing when a stay in abeyance would be proper, when it would be an abuse of discretion not to stay in a mixed petition, there it gives the three factors of good cause for failing to exhaust potentially meritorious claims, no indication of delay. These are factors that it makes sense to look at when a court is deciding whether to stay a petition. There's nothing in Ryan's decision that makes you think that they want the courts to look at the mixed petition status to determine whether or not a stay would be appropriate. The problem is created by the fact that the petition contains unexhausted claims. If all the claims are unexhausted, the petitioner has the same problem as the petitioner who happens to have one exhausted claims, and it seems like an arbitrary distinction to permit some petitioners to proceed with a stay in abeyance and protect the timeliness of their federal claims solely because they happen to have had maybe one additional constitutional error that they were able to raise on direct appeal, whereas this small class of petitioners who may be the ones who most need a stay because there may be an important reason why they have no exhausted claims. They may, like Mena, have alleged ineffective assistance of appellate counsel, and now there's no way for the federal court to reach any of the claims in their petition solely on that basis. That would be an arbitrary reason to deny relief, and in reviewing Lundy, it said, the dismissal requirement should not be used to unreasonably impair the prisoner's right to federal review. And so to read in this mixed petition distinction would do that. It would unreasonably impair the petitioner's rights to federal review for those petitioners who were in this narrow class that Mena is in. If there are no further questions, I'd... Let me ask you one question. If we decide not to reach the Ryan factors ourself and we send it back, even though he no longer needs stay in abeyance, could the district court say, all right, I was wrong to say that I lacked the discretion, but in looking at the factors, I don't think he's demonstrated good cause dismissal stance? Could the court do that? I think that then it would... That would result in another appeal. I think lawfully the court, if the court were to remand for the district court to consider the factors, then the court could, in principle, consider those factors and decide that a stay in abeyance was inappropriate for an alternative reason. In which case, a petitioner would immediately refile the petition and seek equitable tolling of one day on that basis or try to come up with some other way to render the petition timely. But as I said, now the claims are sitting and they are exhausted. So it would be an odd position for the parties to be briefing about the stay in abeyance below. In principle, though, to answer your question, I... Just as this court could now decide the question, so could the lower court. And I can't say one way or the other. I can't say the court couldn't do that. I think Mena has made a strong showing of good cause. His claims are potentially meritorious. So the court would be an heir to do that and we would appeal and come back here for this court to decide that question. All right, thank you, counsel. Thank you. We'll hear from the government. Good morning, and may it please the court. Deputy Attorney General Daniel Hilton for Respondent Appellee. Appellant's reliance on PACE is misplaced for several reasons. First, PACE never once talked about wholly unexhausted petitions. It never uses that language, wholly unexhausted. And in PACE, when it cites to Rhines, it specifically cites the mixed petition language in the parenthetical citation. It could have omitted that if it intended to convey a clear message that this was to apply to wholly unexhausted petitions. Yes, the petition in PACE was wholly unexhausted, but the analysis calls it a protective petition, not a wholly unexhausted petition, which could apply to either a mixed or wholly unexhausted petition. And it does quote that mixed petition language. The second reason is that even if it does, which Respondent's position is that it does not, it describes a very specific set of circumstances where it applies, and that's a set of circumstances that appellant does not fall under. It's a person who's in state court who's litigating and filing multiple petitions, but they have reasonable uncertainty as to whether their petitions are timely. If their petitions aren't timely, they won't be granted statutory tolling until they could come to find out that they've been diligently working in state court, none of their petitions were timely, and now they're completely out of luck, and no court will hear their appeals. But that's not what happened in this case. In this case, Maina went right away to the California Supreme Court and filed his first pro se petition after the Court of Appeal had denied the Wendy Anders brief that had been filed, and then immediately he went to federal court. It was something like 30 days later that he filed his first pro se petition in federal court. So he wasn't working diligently in state court not knowing if he was going to be timely or not, he proceeded directly to California Supreme Court and then right into federal court. So he doesn't fall under that narrow exception that's described in PACE. And furthermore, PACE is DICTA, as appellant acknowledges, it would be problematic for the court to overrule major aspects of exhaustion in DICTA. Rines gave extensive analysis as to the potential rationales and the different reasons why the court would extend it to mixed petitions, but to simply extend the doctrine again in DICTA with no explanation why, it is problematic. Well, Mr. Parente was arguing that there is really no policy justification for distinguishing between a wholly unexhausted and a mixed petition. The goal is to allow someone in Mr. Maina's position to have a substantive review in federal court of his arguments in light of the one year statute of limitations. So what's the difference between a petition that has ten unexhausted claims and one exhausted claim, which gets stayed while the ten unexhausted claims are played out, and a petition that has ten unexhausted claims, which gets stayed while those same ten unexhausted claims get pursued in state court? Isn't the same principle involved in both cases and the same policy of protecting people in play in both situations? Respectfully, no, Your Honor, because the person who's brought that one exhausted issue has correctly followed the procedure that is outlined under the ADPA. Go to state court and exhaust your resources, and then come to federal court. And they've done that, and now they're faced with that rock in a hard place language that I used in my brief, which is, are they going to have to surrender the one claim? Are they going to try to exhaust the other nine, but then risk losing the claim they have? Whereas the person that comes with the ten unexhausted claims has only one option. They have to go back to state court and start over from the beginning, and then come back to federal court. They haven't followed the procedures that have been laid out. Will they be able to come back to federal court under those circumstances? It's your position that they would be able to, even if they've already gone to the highest court on their initial appeal? Well, it would be tricky for that person, but the question would be, what has that petitioner been doing with his year of time? The ADPA has a specific purpose, which is to streamline the process and to increase the finality of the state decisions. And it gives a specific one-year time period. There's equitable tolling and there's statutory tolling to assist petitioners that need it, but an additional stay on someone who hasn't been working for that one year that they've been provided, we would need some sort of explanation as to what is that delay for? That's why in some ways your argument really doesn't make sense to me, because that's what the Reince factors are for. You're jumping to the end to say, well, you didn't follow the procedures, and so therefore the court just doesn't have discretion to grant stay and abeyance for fully unexhausted petition. But Reince sets out the factors, one of which, hey, you've got to demonstrate good cause as to why you failed to exhaust in the first place. So why doesn't it make more sense for us to say, you've got the discretion, now analyze the factors, including good cause for failure to exhaust, as to fully unexhausted petition in the same way that you would analyze it for mixed petition? And your Honor... Analytically, I don't understand why it doesn't apply equally to fully unexhausted petition, if part of the Reince factor include demonstrating good cause for failing to exhaust. Yes, Your Honor, Reince clearly indicated that it wanted to limit the amount of stays that would be granted. Reince cites favorably the ADPA and Lundy when it says that we shouldn't give out too many of these extensions, and that would be a problem. If you look to the Reince factors, particularly the second one, which is reasonable probability of success on the merits, the district court is going to be forced with making that determination. And so to the extent that many people are filing unexhausted claims, the district court is going to have to be looking through all the claims to see if they're meritorious. Meanwhile, they don't even know what the state court hasn't even had an opportunity to rule on it, and it's cutting against Reince's clear indication that what we need to do is limit the amount of these stays that are given out, that they should be given out in exceptional circumstances and not to simply everyone who comes across asking for it. And that's why Reince set out the three factors, but it specifically referenced the ADPA's policy, which is finality of state decisions and limiting stays. As to Raspberry and is binding precedent, it's been cited by multiple Ninth Circuit unpublished opinions on this exact point. It's been followed by district courts in published and unpublished decisions. And even if Raspberry were dicta, which is unclear if it is, but even if it is, Jimenez, which is another Ninth Circuit case, also established that wholly unexhausted petitions must be denied. And so even if this court... Must be denied or dismissed? Dismissed, Your Honor. Jimenez is pre-Reince, though. It is pre-Reince, and Appellant argues that Reince undercut and makes Jimenez non-precedential, but I would disagree because neither Jimenez nor Lundy nor the ADPA were specifically overruled by Reince. Reince cites those cases in the statute favorably, and what it says is we're creating this stay procedure, but nothing in Jimenez or Rose v. Lundy eliminated the stay. It simply said if claims are unexhausted, they must be dismissed, and that's still the law. Reince simply implemented a stay procedure that isn't prohibited by any of the cases. And if there are no questions as to the... Do you know whether the briefing in Raspberry discussed the Reince stay? The petitioner there didn't ask for it, so I'm assuming it wasn't an issue that was briefed and presented to that panel. That's my understanding, Your Honor. I haven't had time to review the briefs. Essentially, what the Reince opinion, the portion that discussed not extending the, excuse me, the petition, the portion of Raspberry that discussed not extending Reince, that falls under the equitable tolling section of the opinion, and so the Appellant wanted a notice, which that notice requirement was denied, and further, he claimed that his petition should not be dismissed because he was entitled to equitable tolling, and so when the court was looking through the exceptional circumstances to see if any applied, it had to see what options were available, and in looking at those options, the court decided no, a Reince stay was not available because this was a wholly unexhausted petition. If there are no other questions on the procedure, just very briefly on the merits, if this court were to decide the merits, I think the biggest problem that Appellant has is he doesn't have a reasonable probability of success. Everyone who's looked at his claim on the merits has The Court of Appeal reviewed the record and couldn't find a single issue, and the California Supreme Court, as Appellant points out, has now exhausted after the one-year AEDPA statute limitations, and the California Supreme Court denied his claims on the merits, citing to Harrington v. Richter, which is an ineffective assistance of counsel claim, and so Appellant can't establish that he received ineffective assistance of counsel. Reach those issues or send it back to the district court to do it in the first instance? The court could do either. Our preference would be to obviously not grant the stay in the first place. If the court were to decide, I believe that it could handle the matter right here and just say no, these claims are not meritorious. If it sends it back, I believe that it has the authority, this court has the authority to do that, but the district court would come to the same conclusion. I see my time is almost up. If there are no further questions? Here's to not. Thank you. Thank you, Your Honor. Mr. Butler? Thank you. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. The next case on calendar for
judges: Ponsor, Rawlinson, Nguyen